**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*
The Palm Canyon Building
2870 Fourth Avenue, Suite 205
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

*Counsel for Plaintiff and the Proposed Classes*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THAMAR SANTISTEBAN CORTINA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOYA FOODS, INC.,<br><br>Defendant. | Case No.: '14CV0169 L   NLS<br><br>CLASS ACTION<br><br>**COMPLAINT FOR:**<br><br>**VIOLATIONS OF THE CALIFORNIA UNFAIR COMPEITION LAW, CAL. BUS. & PROF. CODE §§ 17200 *ET. SEQ.*;**<br><br>**VIOLATIONS OF THE CALIFORNIA FALSE ADVERTISING LAW, CAL. BUS. & PROF. CODE §§ 17500 *ET. SEQ.*; AND**<br><br>**VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. CODE §§ 1750 *ET SEQ.***<br><br>DEMAND FOR JURY TRIAL |

Plaintiff THAMAR SANTISTEBAN CORTINA, on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, hereby brings this action against Defendant GOYA FOODS, INC. ("GOYA"), and alleges the following upon her own knowledge, or where she lacks personal knowledge, upon information and belief including the investigation of her counsel.

## INTRODUCTION

1. GOYA sells "Malta Goya" cola soft drinks throughout the state of California. Malta Goya beverages contain an amount of 4-methylimidazole (4-MeI), a carcinogen, sufficient to expose California consumers to substantial health risks. GOYA, however, deceptively omits that Malta Goya beverages contain these amounts of 4-MeI. Plaintiff brings this action on behalf of herself and a class of California consumers to rectify the injuries caused by GOYA'S unlawful practices, and to enjoin GOYA'S ongoing deceptive omissions concerning the amount of 4-MeI in Malta Goya beverages.

## THE PARTIES

2. Plaintiff THAMAR SANTISTEBAN CORTINA is a resident of Bonita, California.

3. Defendant GOYA FOODS, INC. is a New Jersey company with its principle place of business at 100 Seaview Drive, Secaucus, New Jersey 07096.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, at least one member of the class of plaintiffs is a citizen of a State different from Defendant. In addition, more than two-thirds of the members of the class reside in states other than the state in which Defendant is a citizen

1

*Santisteban Cortina v. Goya Foods, Inc.*
CLASS ACTION COMPLAINT

and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

5. The Court has personal jurisdiction over Defendant pursuant to Cal. Code Civ. P. § 410.10, as a result of Defendant's substantial, continuous and systematic contacts with the State, and because Defendant has purposely availed itself of the benefits and privileges of conducting business activities within the State.

6. Venue is proper in this Southern District of California pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant resides (i.e., is subject to personal jurisdiction) in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS

**A. Background Facts**

7. 4-MeI is an impurity generated during the manufacture of caramel colors III and IV used in some soft drinks.

8. 4-MeI has been found by the National Toxicology Program to cause lung tumors in laboratory animals.

9. According to Urvashi Rangan, a toxicologist and Executive Director of the Consumer Reports Food Safety & Sustainability Center, "There is no 'safe' level of 4-MeI, but if you have to set a threshold, it should be well below the Prop 65 level (29 micrograms/day) – and more like 3 micrograms/day." Ragan calls exposure to 4-MeI "an unnecessary risk."

10. According to testing performed by Consumer Reports, Malta Goya sold in California from April 2013 to September 2013 contained an average 352.5 micrograms of 4-MeI per 12-ounce serving.

11. According to testing performed by Consumer Reports, Malta Goya sold in California in December 2013 contained an average 316.1 micrograms of 4-MeI per 12-ounce serving.

**B.  GOYA'S Unlawful Practices**

12. GOYA has had and continues to have exclusive knowledge of material facts concerning the amount of 4-MeI in the Malta Goya beverages.

13. GOYA has actively concealed from Plaintiff and the class material facts concerning the amount of 4-MeI in the Malta Goya beverages, as well as its potential health harms.

14. In advertising and selling the Malta Goya beverages, GOYA has and continues to deceptively omit that these soft drinks contain dangers levels of 4-MeI that expose consumers to cancer.

**C.  Plaintiff's Purchase & Injury**

15. Plaintiff is a regular Malta Goya purchaser and drinker, usually purchasing the beverages about once per month at either the Northgate Market located at 1058 Third Avenue, in Chula Vista, California, or the Mercado Internacional located at 1415 Third Avenue, Chula Vista. She typically purchases individual cans (when they were previously available) or bottles, usually 10-12 at a time.

16. Plaintiff would not have purchased the Malta Goya beverages if she knew they contained a substance known to be a carcinogen and believed to be dangerous at the levels actually present in the beverages.

**CLASS ACTION ALLEGATIONS**

17. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks to represent a class of all persons who purchased in California during the four years preceding the filing of this Complaint, Malta Goya primarily for personal, family, or household use, and not for resale.

18. The members in the proposed class and subclass are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all class members in a single action will provide substantial benefits to the parties and Court.

19. Questions of law and fact common to Plaintiff and the class include:

   a. Whether the Malta Goya beverages contain 4-MeI and the amount;
   b. Whether 4-MeI is potentially dangerous in the amounts in the Malta Goya beverages;
   c. Whether information concerning the amount of 4-MeI in the Malta Goya beverages is material to a reasonable consumer;
   d. Whether a duty arose in GOYA to disclose the facts concerning the 4-MeI in its Malta Goya beverages;
   e. The proper equitable and injunctive relief; and
   f. The proper amount of restitution.

20. Plaintiff's claims are typical of class members' claims in that they are based on the same underlying facts, events, and circumstances relating to GOYA'S conduct.

21. Plaintiff will fairly and adequately represent and protect the interests of the classes, has no interests incompatible with the interests of the classes, and has retained counsel competent and experienced in class litigation.

22. The class is sufficiently large for purposes of class litigation because it contains at least hundreds of thousands of members who purchased the Malta Goya beverages in California the past 4 years.

23. Class treatment is superior to other options for resolution of the controversy because the relief sought for each class member is relatively small such that, absent representative litigation, it would be infeasible for class members to redress the wrongs done to them.

24. Questions of law and fact common to the classes predominate over any questions affecting only individual class members.

25. As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3).

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*

### *(FRAUDULENT PRONG)*

26. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

27. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice," Cal. Bus. & Prof. Code § 17200.

28. GOYA'S deceptive omission of the dangerous amount of 4-MeI in the Malta Goya beverages is a "fraudulent" practice within the meaning of the UCL in that the omission is likely to deceive reasonable consumers and the public.

29. In accordance with Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an Order enjoining GOYA from continuing to conduct business through fraudulent acts and practices, and to commence a corrective advertising campaign.

30. On behalf of herself and the class, Plaintiff also seeks an Order for the restitution of all monies from the sale of the Malta Goya beverages, which were unjustly acquired through acts of fraudulent competition.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW, CAL. BUS. & PROF. CODE §§ 17500 *ET SEQ.*

31. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

32. The FAL prohibits any statement in connection with the sale of goods "which is untrue or misleading," Cal. Bus. & Prof. Code § 17500, including deceptive omissions of material fact.

33. GOYA'S deceptive omission of the amount and health harms of the 4-MeI in the Malta Goya beverages was likely to deceive reasonable consumers and the public.

34. GOYA knew, or reasonably should have known, that it was deceptively omitting material information.

35. Plaintiff and the class are entitled to injunctive and equitable relief and restitution.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. CODE §§ 1750 *ET SEQ.*
### (By the California Class)

36. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

37. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

38. GOYA'S policies, acts, and practices were designed to, and did, result in the purchase and use of the products primarily for personal, family, or household purposes, and violated and continue to violate the following sections of the CLRA:

   a. § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

   b. § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

   c. CVS disparaged the goods, services, or business of another by false or

misleading representation of fact, within the meaning of Cal. Civ. Code § 1770(a)(8);

    d.    § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

    e.    § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

39. As a result, plaintiff and the class members have suffered irreparable harm and are entitled to injunctive and equitable relief, and reasonable attorneys' fees and costs. Plaintiff does not currently seek damages for her CLRA claim.

40. In compliance with Cal. Civ. Code § 1782(d), plaintiff's affidavit of venue is filed concurrently herewith.

## **PRAYER FOR RELIEF**

41. Wherefore, Plaintiff, on behalf of himself, all others similarly situated and the general public, prays for judgment against GOYA as to each and every cause of action, including:

    a.    An Order certifying this as a class action and appointing plaintiff and her counsel to represent the classes;

    b.    An Order enjoining GOYA from selling Malta Goya in California so long as the beverages contain a potentially dangerous amount of 4-MeI, if GOYA deceptively omits that amount;

    c.    An Order compelling GOYA to conduct a corrective advertising campaign;

    d.    An Order requiring GOYA to disgorge or return all monies, revenues, and profits obtained by mans of any wrongful act or practice;

    e.    An Order requiring GOYA to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be a fraudulent

business act or practice, untrue or misleading advertising, or a violation of the UCL, FAL or CLRA, plus pre-and post-judgment interest thereon;

    f.    An Order awarding costs, expenses, and reasonable attorneys' fees; and

    g.    Any other and further relief the Court deems necessary, just, or proper.

## JURY DEMAND

42. Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: January 23, 2014        /s/ Jack Fitzgerald
                                          Jack Fitzgerald

**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD
*jack@jackfitzgeraldlaw.com*
The Palm Canyon Building
2870 Fourth Avenue, Suite 205
San Diego, CA 92103
Phone: (619) 692-3840
Fax: (619) 362-9555